**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1823-19T4

IN THE MATTER OF
JERSEY CITY PUBLIC
EMPLOYEES, INC., LOCAL
245,

     Petitioner-Appellant,

v.

CITY OF JERSEY CITY and NEW
JERSEY PUBLIC EMPLOYMENT
RELATIONS COMMISSION,

     Respondent-Respondents,

and

INTERNATIONAL
BROTHERHOOD
OF TEAMSTERS, LOCAL 641,

     Intervenor-Respondents.

_____

Submitted January 20, 2021 – Decided February 5, 2021

Before Judges Fisher and Gummer.

On appeal from the New Jersey Public Employment Relations Commission, PERC No. 2020-24.

Castronovo & McKinney, LLC, attorneys for appellant (Thomas A. McKinney, on the briefs).

Apruzzese, McDermott, Mastro & Murphy, PC, attorneys for respondent City of Jersey City (Arthur R. Thibault and Boris Shapiro, of counsel and on the brief).

Christine Lucarelli, General Counsel, attorney for respondent New Jersey Public Employment Relations Commission (Frank C. Kanther, Deputy General Counsel, on the statement in lieu of brief).

Kroll, Heineman Carton LLC, attorneys for respondent International Brotherhood of Teamsters, Local 641 (Raymond G. Heineman, of counsel and on the brief; Seth B. Kennedy, on the brief).

PER CURIAM

In this appeal, Jersey City Public Employees, Inc., Local 245, argues that a final decision rendered by the Public Employment Relations Commission – dismissing Local 245's petition for clarification and its petition alleging unfair practice charges – was arbitrary, capricious, and unreasonable. We disagree and affirm.

For decades, the Jersey City Incinerator Authority (Authority) was a division of the City of Jersey City involved in the collection, treatment, and disposal of garbage. To save costs, the City dissolved the Authority in April

2

2016 and folded its functions, responsibilities, and employees into the existing Department of Public Works (Department). In anticipation of the Authority's dissolution, the City entered into a memorandum of agreement (MOA) with International Brotherhood of Teamsters Union, Local 641, to ensure the continuation of its collective negotiations agreement with the Authority and to recognize Local 641 as the exclusive representative of the Authority's blue-collar workers who had been transferred to the Department.

In light of these events, Local 245 – the exclusive representative of the Department's employees – filed a petition seeking to clarify its position as a negotiation unit within the City in light of the Authority workers addition to the Department. Local 245 also filed an unfair-practice charge, alleging the City had violated various subsections of N.J.S.A. 34:13A-5.4(a), and that the MOA violated a clause of the City's collective negotiations agreement with Local 245 that established it as the "exclusive representative" for all divisions of the Department.[1]

The matter was investigated by the Director of Representation, who sent the parties a letter requesting information about: the duties and responsibilities

---

[1] Local 245 also initially sought clarification and a finding of unfair practices regarding the characterization of "seasonal employees." Amendments were soon filed that withdrew those assertions.

of the blue-collar employees represented by both Local 641 and Local 245; the negotiation histories of both units; the differences in the terms and conditions of employment among these employees; and the structure and make-up of the Department and the now-defunct Authority. The Director also requested that the information be conveyed via certification or affidavit from individuals with personal knowledge of any facts presented. The City and Local 641 responded with certifications, and their positions were in accord. Local 245 filed nothing. Viewing the record as factually undisputed, the Director considered Local 245's petitions in light of the undisputed facts and concluded that: Local 245's recognition clause excluded former Authority employees' representation by Local 641; Local 245's petition was the wrong vehicle to seek representation of Local 641 employees; and the MOA constituted a lawful exercise of the City's rights and obligations.

Local 245 sought review of the Director's decision. By way of a written decision, PERC explained why it concluded the Director had reached the right conclusion.

Local 245 appeals, arguing:

> I. PERC'S DECISION TO AFFIRM THE DIRECTOR'S DECISION IS ARBITRARY AND CAPRICIOUS AS LOCAL 245 IS THE EXCLUSIVE

REPRESENTATIVE FOR ALL JERSEY CITY [DEPARTMENT] EMPLOYEES.

II. PERC'S DISMISSAL OF THE UNFAIR LABOR PRACTICE CHARGES WAS ARBITRARY AND CAPRICIOUS BECAUSE JERSEY CITY CLEARLY REPUDIATED ITS AGREEMENT WITH LOCAL 245 WHEN SIGNING ITS [MOA] WITH LOCAL 641 (Not Raised Below).

III. PERC MISAPPLIED THE EERA BY FAILING TO EXECUTE ITS INVESTIGATIVE DUTIES IN ACCORDANCE WITH ITS REGULATIONS RENDERING ITS DECISION ARBITRARY AND CAPRICIOUS.

We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E) and affirm substantially for the reasons set forth in PERC's written opinion with a few additional comments.

We view Local 245's arguments in light of our standard of review, which is limited, In re Stallworth, 208 N.J. 182, 194 (2011), and precludes appellate intervention unless the final agency decision is "arbitrary, capricious or unreasonable," Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980), particularly when the agency's expertise is implicated, Stallworth, 208 N.J. at 195, as here.

Local 245 initially argues that the decision was arbitrary and capricious because the Director did not conduct an evidentiary hearing. But, as noted

above, Local 245 chose not to submit sworn statements to rebut the factual statements provided by the City and Local 641. Because Local 245 failed to dispute any of the relevant facts, there was no reason for the Director to conduct an evidentiary hearing. See N.J.A.C. 19:11-2.6(f) (requiring a hearing if "it appears to the Director" either "that substantial and material factual issues exist" or "the particular circumstances of the case are such that . . . a hearing will best serve the interests of administrative convenience and efficiency").

This left for consideration purely legal questions arising from the undisputed circumstances – questions that fell within PERC's considerable expertise. In its final agency decision, PERC determined that the City's agreement with Local 245 excluded employees "represented in other bargaining units," thereby excluding Authority employees who were represented by Local 641. PERC also found there were no changed circumstances that would necessitate a clarification because none of the effected employees' job functions changed with the merger of the Authority into the Department. Authority employees, as was undisputed, continued to perform their preexisting jobs without interruption, overlap or intermingling of work with Department employees. PERC also concluded that these separate negotiation units had existed for years and were stable, so there was no reason for its intervention into

the dispute between Local 245 and Local 641.  We find nothing arbitrary, capricious or unreasonable in the conclusions PERC reached.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1823-19T4